UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 13-96-HRW

CYNTHIA RICHARDSON,                                PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for on October 8, 2010, alleging disability beginning on March 31, 2010, secondary to a motor vehicle accident, with resultant neck and low back pain as well as depression (Tr. 213). This application was denied initially and on reconsideration. On September 21, 2011, an

administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On October 21, 2011, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 32-40).

Plaintiff was 41 years old at the time of the hearing decision (Tr. 34). She attended college for three years (Tr. 34). Her application lists past relevant work experience as a CNA, a temporary worker in an emergency room and a cashier at Lowe's (Tr. 214). However, the ALJ described her work history as exiguous, with no steady work after 2007 (Tr. 34).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of disability through her date last insured, June 30, 2011 (Tr. 34).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic neck and low back pain secondary to degenerative disc disease of the cervical and lumbar spine with disc bulges at multiple levels, and pain and numbness of right hand and arm, which he found to be "severe" within the meaning of the Regulations (Tr. 34-35).

At Step 3, the ALJ found that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the listed impairments (Tr. 36).

The ALJ further found that through the date last insured, Plaintiff was unable to perform any past relevant work (Tr. 38-39) but determined that she has

the residual functional capacity ("RFC") to perform a limited range of light level work (Tr. 37-38).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 39-40).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 7, 2013 (Tr. 18-23).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter is ripe for decision.

## II. ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not give appropriate weight to the opinion of Plaintiff's treating physician, Scott Moore, M.D. and (2) the ALJ failed to consider whether the combined effect of Plaintiff's impairments would be sufficient to render her disabled.

### C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not give appropriate weight to the opinion of Plaintiff's treating physician, Scott Moore, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In a letter dated March 31, 2011, Dr. Moore opined that Plaintiff was unable to lift or carry more than 10 pounds, sit, stand, or walk for more than 30 minutes at a time or longer than four hours in a day, unable to reach overhead, handle, use fingers, push or pull more than 30 minutes at a time, unable to use foot controls more than 30 minutes at a time, unable to climb stairs, ladders, or scaffolds, unable to stoop, kneel, crouch or crawl (Tr. 83). He further opined that Plaintiff suffered from depression and anxiety because she was unable to do the things she previously did and had chronic medical problems (Tr. 583).

Contrary to Plaintiff's assertion, the ALJ did not ignore Dr. Moore's opinion. Indeed, the ALJ specifically discussed Dr. Moore's findings in his decision (Tr. 37) and articulated the reason for not adopting it (Tr. 38). As the ALJ

noted, Dr. Moore's RFC assessment was inconsistent with other evidence in the record. For example, William Brooks, M.D., a neurosurgical specialist, did not regard Plaintiff as a candidate for surgical intervention and opined Plaintiff's symptoms were consistent with severe musculoligamentous strain from which he expected full recovery given sufficient time (Tr. 288). He estimated that that Plaintiff's recovery may take six to nine months or perhaps longer but was "confident that [Plaintiff] would be okay" and he did not expect any long term problems (Tr. 288). Dr. Brooks also suggested that Plaintiff was better treated with physical therapy than chiropractic care (Tr. 288). He prescribed medication, physical therapy, a home exercise program, and education (Tr. 288). This opinion is a far cry from Dr. Moore's suggestion of disability.

Nor did another treating source agree with Dr. Moore's conclusion. Dr. Oliver James did not find that Plaintiff had severe work-related limitations or was disabled or completely unable to work (Tr. 577-82, 605-08). He merely noted that Plaintiff had an antalgic gait (Tr. 577).

Although Dr. Moore opined Plaintiff was unable to reach overhead, handle, use fingers, push or pull more than 30 minutes at a time (Tr. 583), electro diagnostic evidence revealed mild sensory ulnar neuropathy and no electro diagnostic evidence of a right cervical radiculopathy in the right wrist and arm (Tr.

688). Most of Plaintiff's median motor studies, ulnar motor studies, and sensory studies were essentially normal (Tr. 687). Plaintiff's EMG findings contradicted Dr. Moore's opinion that Plaintiff was unable to reach overhead, handle, use fingers, push or pull more than 30 minutes at a time (Tr. 583). *See* 20 C.F.R. § 404.1527(c)(4) ("generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion") and § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.").

Plaintiff appears to argue the ALJ was required to accept Dr. Moore's opinion because his opinion was the only opinion by an examining source that identified Plaintiff's work limitations. However, the responsibility for assessing a claimant's RFC at the hearing level rests with the ALJ, not a physician. *See* 20 C.F.R. § 404.1546 ( c).

In this case, the ALJ properly considered the relevant evidence, including the opinions of record, in assessing Plaintiff's RFC. Given the record as a whole, substantial evidence supports the ALJ's assessment of Plaintiff's RFC and the ALJ's decision to give little weight to Dr. Moore's opinion (Tr. 38).

Plaintiff's second claim of error is that the ALJ failed to consider whether

8

the combined effect of Plaintiff's impairments would be sufficient to render her disabled.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 36). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

9

on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 27th day of May, 2014.



Signed By:
Henry R. Wilhoit, Jr
United States District Judge